UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HECTOR BAEZ,
   Plaintiff

    vs.           05-02117

DE WITT COUNTY, IL., ET AL,
   Defendants.

## MEMORANDUM OPINION AND ORDER

   The plaintiff, Hector Baez, has filed a civil rights action alleging constitutional wrongs during his incarceration at the DeWitt County Jail, DeWitt County, Illinois. In his amended complaint, the plaintiff alleges that the DeWitt County Jail Library does not have adequate books informing prisoners how to litigate, no jailhouse lawyer rules, and no case law. He also alleges that it takes too long to get copies and that copies are expensive and that he does not have any access to carbon paper, a typewriter, a stapler, or a postage meter. The plaintiff alleges the defendants were deliberately indifferent to his serious medical needs. Before the court is the defendants' unopposed summary judgment motion [76].

### Standard

   Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992). Further, this burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). Credibility questions "defeat summary judgment only '[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility.'" *Outlaw*, 259 F.3d at 838, *citing* Advisory Committee Notes, 1963 Amendment to Fed. R. Civ. P. 56(e)(other citations omitted).

   Fed. Rule Civ. Pro. Rule 56(c) "mandates the entry of summary judgment, after adequate

time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988).  A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

### Undisputed Facts[1]

1. At the time the plaintiff began incarceration at the DeWitt County Jail, he was given a copy of the inmate orientation handbook (hereinafter referred to as handbook), and a copy was placed in his cell at the DeWitt County Jail.  Walker Affidavit, paragraph 4 [78].
2. The inmate handbook provides a grievance procedure where inmates are allowed to file a grievance if a prisoner has been abused, harassed, or abridged of their civil rights, or denied privileges specified in the handbook. *Id.* at paragraph 5.
3. The handbook provides that all grievances shall be handled by the Jail Administrator of the DeWitt County Jail. *Id.* at paragraph 6.
4. The plaintiff, during his incarceration at the DeWitt County Jail, filed numerous requests for medical treatment. *Id.* at paragraph 7.
5. During his incarceration at the DeWitt County Jail, the plaintiff did not file a grievance with the Jail Administrator with respect to medical treatment. *Id.* at paragraph 8.
6. During his incarceration at the DeWitt County Jail and prior to his litigation, the plaintiff did not seek administrative review of any sort with respect to any conditions at the DeWitt County Jail. *Id.* at paragraph 9.

### Conclusion

The Prison Litigation Reform Act (PLRA), precludes civil rights suits with respect to prison conditions prior to exhausting administrative remedies. 42 USC Section 1997(e); *Perez v. Wisconsin Department of Corrections*, 183 Fed 3d 532, 536 (7th Circuit, 1999).  The DeWitt County Jail maintains a procedure for filing grievances and those grievances are to be handled by the Jail Administrator of the DeWitt County Jail. Facts, paragraph 2 and 3.  While the plaintiff, during his incarceration at the DeWitt County Jail, filed numerous requests for medical treatment, he at no time during his incarceration at the DeWitt County Jail, filed a grievance with

---

[1] Defendants lists other undisputed facts, but as the plaintiff failed to file a grievance for his concerns, the court need not consider the remaining facts to reach its opinion.

the Jail Administrator with respect to such medical treatment. The Plaintiff never sought administrative review of any sort with respect to any conditions at the jail. Therefore, the plaintiff cannot proceed in this lawsuit and his action is dismissed in its entirety. Defendants are entitled to summary judgment.

**It is therefore ordered:**

1. **The defendant's motion for summary judgment is granted [76]. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff. This case is terminated in its entirety, with the parties to bear their own costs.**
2. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**Enter this 17th   day of January 2008.**

                               s\Harold A. Baker
    _____
                            **Harold A. Baker**
                   **United States District Judge**